IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                     No. 2:12-cv-00689 KJN P

   vs.

G. MORENO, et al.,               ORDER and

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner, incarcerated at California State Prison-Sacramento, who proceeds without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's civil rights complaint challenges the alleged conduct of the named defendants in 2006. Plaintiff has also filed a motion to stay this action pending his exhaustion of administrative remedies challenging defendants' alleged conduct. Plaintiff states that he was unable to commence the administrative grievance process until October 2011, at the conclusion of a related criminal proceeding against plaintiff, because otherwise he may have made incriminating statements that could have been used against him in the criminal proceeding. Plaintiff contends, moreover, that administrative exhaustion is futile in this action because the only relief he seeks, monetary damages, is not available through the administrative grievance process.

The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Such exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules and deadlines, Woodford v. Ngo, 548 U.S. 81, 85-86 (2006) (summary of administrative review process in California prisons), which, in California requires that a prisoner pursue his administrative grievance through the Third (Director's) Level Review. Id. at 85; Bovarie v. Giurbino, 421 F. Supp. 2d 1309, 1314-15 (S.D. Cal. 2006).

Significantly, prisoners must exhaust their administrative remedies regardless of the relief they seek, even if they seek only monetary damages. Booth v. Churner, 532 U.S. 731, 741 (2001). Moreover, a prisoner's administrative remedies must be exhausted prior to filing suit. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (per curiam). While a plaintiff may add

2

newly exhausted and related claims to an existing action, see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint), "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court," id. at 1004, citing McKinney, supra, 311 F.3d at 1199, and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).

Generally, the exhaustion requirement is an affirmative defense that may be raised by a defendant in a non-enumerated Rule 12(b) motion. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003) (failure to exhaust is an affirmative defense). However, "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt, 315 F. 3d at 1120.

The fact that plaintiff seeks only monetary damages does not provide an exception to the exhaustion requirement. Booth, 532 U.S. at 741. Therefore, the undersigned finds that plaintiff's concession to nonexhaustion, which is also demonstrated by the record, warrants dismissal of this action without prejudice. Plaintiff is informed that, if he decides to file this action anew, after exhausting his administrative grievances, he should not include this case number on the new complaint; a new case number will be assigned. In addition, the new complaint should be accompanied by a new and fully completed application to proceed in forma pauperis.

For these reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350; all payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

3

Additionally, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice, for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

aver0689.scrn.fail.exh.